UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | 2:20-cv-08317-JAK (SHK) | Date: | November 18, 2020 |
| Title: | *Steven M. Hunter v. Felipe Martinez, Jr.* | | |

Present: The Honorable   Shashi H. Kewalramani, United States Magistrate Judge

| D. Castellanos | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Petitioner(s): | Attorney(s) Present for Respondent(s): |
|---|---|
| None Present | None Present |

**Proceedings (IN CHAMBERS):** Order To Show Cause Why Case Should Not Be Dismissed

      On August 23, 2020, Petitioner Steven Malcolm Hunter ("Petitioner"), an inmate housed at United States Penitentiary ("USP") Victorville following a sentence imposed by the Superior Court of the District of Columbia, constructively filed[1] a Petition for a Writ of Habeas Corpus ("Petition" or "Pet.") under 28 U.S.C. § 2241 ("§ 2241"). Electronic Case Filing Number ("ECF No.") 1, Pet.

      On September 11, 2020, the Clerk of Court notified Petitioner that he must either pay the $5.00 filing fee or apply to proceed in forma pauperis ("IFP"). See ECF No. 2, Notice of Judge Assignment and Reference to United States Magistrate Judge ("Notice") at 2. The Clerk of Court attached an IFP Application form ("CV-69 Form") to the Notice for Petitioner's use. See id. at 3-4. To date, Petitioner has not paid the filing fee or applied to proceed IFP as directed.

      Additionally, as best as the Court can tell because Petitioner's handwriting is difficult to read, the four claims for relief Petitioner asserts in this case appear to be duplicative of some of the claims Petitioner raised in his First Amended Petition ("FAP") filed in another of

---

[1] Under the "mailbox rule," when a pro se prisoner gives prison authorities a pleading to mail to court, the court deems the pleading constructively "filed" on the date it is signed. Douglas v. Noelle, 567 F.3d 1103, 1107 (9th Cir. 2009) (applying the mailbox rule to civil rights suits filed by pro se prisoners).

Petitioner's cases currently pending before this Court.  See <u>Steven M. Hunter v. Felipe Martinez, Jr.</u>, No. 2:20-CV-04993-JAK (SHK) ("4993 Case").

 Specifically, in this case, Petitioner appears to claim that he was denied his due process rights at disciplinary proceedings relating to incident report numbers 334234, 3326100, and 3339807 (claims one through three) and that he is "illegally and unconstitutionally incarcerated" because "there is no copy of a DHO report" (claim four).  ECF No. 1, Pet. at 6-7.  Comparatively, Petitioner asserted in ground seven of the FAP in his 4993 Case, which is still pending before this Court, that he was denied his due process rights at disciplinary proceedings relating to incident report numbers 334324, 3326100, and 3339807, and that "at the time of the rescission hearing the DHO report wasn't available" (claim seven).  <u>See</u> 4993 Case, ECF No. 41, FAP at 7.  As a result, Petitioner claims that the "Commission abuse[d] its discretion in considering [these] three disciplinary infractions that wasn[']t [sic] conducted by the Federal Bureau of Prison official in accordance with procedural Due Process."  <u>Id.</u>

 As such, Petitioner is **ordered to show cause by December 4, 2020**, why this case should not be dismissed for failing to follow Court instructions and for asserting claims that are duplicative of those made in his 4993 Case that is currently also pending before this Court.  Petitioner may satisfy this order to show cause ("OSC") by:

(1) Either paying the $5.00 filing fee or applying to proceed IFP on the CV-69 Form that Petitioner was previously provided; **and**

(2) Either:

 (a) Explaining in writing how the claims in this case are not duplicative of the claims made in Petitioner's 4996 Case, such that this case should continue toward resolution; **or**

 (b) Voluntarily dismissing this case, without prejudice, pursuant to Federal Rule of Civil Procedure 41(a) using the attached blank Notice of Dismissal Form ("CV-09 Form").

 Petitioner is warned that failure to timely comply with this OSC **will** result in this case being dismissed for failure to follow Court orders.  The Clerk of Court is **DIRECTED** to send Petitioner a blank CV-09 Form with this Order.

 **IT IS SO ORDERED.**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| Plaintiff(s), <br> v. <br><br> Defendant(s). | CASE NUMBER <br><br> **NOTICE OF DISMISSAL PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 41(a) or (c)** |

PLEASE TAKE NOTICE: (*Check one*)

☐   This action is dismissed by the Plaintiff(s) in its entirety.

☐   The Counterclaim brought by Claimant(s) _____ is dismissed by Claimant(s) in its entirety.

☐   The Cross-Claim brought by Claimants(s) _____ is dismissed by the Claimant(s) in its entirety.

☐   The Third-party Claim brought by Claimant(s) _____ is dismissed by the Claimant(s) in its entirety.

☐   **ONLY** Defendant(s) _____

is/are dismissed from (*check one*) ☐ Complaint, ☐ Counterclaim, ☐ Cross-claim, ☐ Third-Party Claim brought by _____.

The dismissal is made pursuant to F.R.Civ.P. 41(a) or (c).

_____          _____
*Date*                                                              *Signature of Attorney/Party*

*NOTE:*   *F.R.Civ.P. 41(a): This notice may be filed at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs.*

*F.R.Civ.P. 41(c): Counterclaims, cross-claims & third-party claims may be dismissed before service of a responsive pleading or prior to the beginning of trial.*