UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN HUNTER,<br><br>                 Petitioner,<br><br>            v.<br><br>FELIPE MARTINEZ, JR.,<br><br>                 Respondent. | Case No. 2:20-cv-08317-JAK (SHK)<br><br>**ORDER DISMISSING CASE** |

## I.    BACKGROUND

On August 23, 2020, Petitioner, an inmate housed at United States Penitentiary ("USP") Victorville, constructively filed[1] a Petition for a Writ of Habeas Corpus ("Petition" or "Pet.") under 28 U.S.C. § 2241 ("§ 2241"). Electronic Case Filing Number ("ECF No.") 1, Pet. [2] On September 11, 2020, the Clerk of

---

[1] Under the "mailbox rule," when a pro se prisoner gives prison authorities a pleading to mail to court, the court deems the pleading constructively "filed" on the date it is signed. Douglas v. Noelle, 567 F.3d 1103, 1107 (9th Cir. 2009) (applying the mailbox rule to civil rights suits filed by pro se prisoners).

[2] The Court notes that Petitioner has also recently filed at least six other cases in this Court. See Steven M. Hunter v. Felipe Martinez, Jr., Warden, No. 2:20-cv-04993-JAK-SHK (filed on May 28, 2020) ("4993 Case"); Steven Malcolm Hunter v. Felipe Martinez, Jr., Warden, No. 2:20-cv-

1  Court notified Petitioner that he must either pay the $5.00 filing fee or apply to
2  proceed in forma pauperis ("IFP").  See ECF No. 2, Notice of Judge Assignment and
3  Reference to United States Magistrate Judge ("Notice") at 2.  The Clerk of Court
4  attached an IFP Application form ("CV-69 Form") to the Notice for Petitioner's
5  use.  See id. at 3-4.

6  On November 18, 2020, the Court ordered Petitioner to show cause
7  ("OSC") by December 4, 2020, why the case should not be dismissed because:
8  (1) Petitioner failed to follow Court instructions by either paying the $5.00 filing
9  fee or applying to proceed in forma pauperis ("IFP") as instructed; and (2) the four
10 claims for relief Petitioner asserted in this case appear to be duplicative of some
11 of the claims Petitioner raised in his First Amended Petition ("FAP") filed in
12 Petitioner's 4993 Case.  ECF No. 3, OSC at 2.

13 The Court explained that in addition to "not pa[ying] the filing fee or
14 appl[ying] to proceed IFP as directed[,]" "as best as the Court can tell because
15 Petitioner's handwriting is difficult to read, the four claims for relief Petitioner
16 asserts in this case appear to be duplicative of some of the claims Petitioner
17 raised in his [FAP] filed in another Petitioner's cases currently pending before this
18 Court."  Id. at 1-2.  The Court provided the further description of the claims in the
19 two cases:

20     [I]n this case, Petitioner appears to claim that he was denied his due
21     process rights at disciplinary proceedings relating to incident report
22     numbers 334234, 3326100, and 3339807 (claims one through three)
23     and that he is "illegally and unconstitutionally incarcerated" because

---

05121-JAK-SHK ("5121 Case") (filed on June 9, 2020 and dismissed on June 12, 2020); Steven M. Hunter v. Warden, USP Victorville, No. 2:20-cv-04632-JAK-SHK (filed on May 22, 2020, and transferred on June 10, 2020); Steven Malcolm Hunter v. Felipe Martinez, Jr., Warden, No. 2:20-cv-06310-JAK-SHK (filed on June 29, 2020, and Respondent ordered to file an Answer to the Petition on August 25, 2020); Steven M. Hunter v. Felipe Martinez, Jr., Warden, No. 2:20-cv-06311-JAK-SHK (filed on June 29, 2020, and dismissed on August 19, 2020); Steven Hunter v. United States of America, No. 2:20-cv-08136-JAK-SHK (filed on August 28, 2020).

Id.

| | |
|---|---|
| 1 | "there is no copy of a DHO report" (claim four).  ECF No. 1, Pet. at 6-7. |
| 2 | Comparatively, Petitioner asserted in ground seven of the FAP in his |
| 3 | 4993 Case, which is still pending before this Court, that he was denied |
| 4 | his due process rights at disciplinary proceedings relating to incident |
| 5 | report numbers 334324, 3326100, and 3339807, and that "at the time |
| 6 | of the rescission hearing the DHO report wasn't available" (claim |
| 7 | seven).  See 4993 Case, ECF No. 41, FAP at 7.  As a result, Petitioner |
| 8 | claims that the "Commission abuse[d] its discretion in considering |
| 9 | [these] three disciplinary infractions that wasn[']t [sic] conducted by |
| 10 | the Federal Bureau of Prison official in accordance with procedural |
| 11 | Due Process."  Id. |

ECF No. 3, OSC at 1-2.

Consequently, Petitioner was "**ordered to show cause by December 4, 2020**, why the case should not be dismissed for failing to follow Court instructions and for asserting claims that are duplicative of those made in his 4993 Case that is currently also pending before this Court."  Id. at 2 (emphasis in original).  The Court instructed that Petitioner could "satisfy this [OSC]" by:

(1) Either paying the $5.00 filing fee or applying to proceed IFP on the CV-69 Form that Petitioner was previously provided; and

(2) Either:

    (a) Explaining in writing how the claims in this case are not duplicative of the claims made in Petitioner's 4993 Case, such that this case should continue toward resolution; or

    (b) Voluntarily dismissing this case, without prejudice, pursuant to Federal Rule of Civil Procedure 41(a) using the attached blank Notice of Dismissal Form ("CV-09 Form").

Id.

Petitioner was "warned that failure to timely comply with this OSC **will** result in this case being dismissed for failure to follow Court orders." Id. (emphasis in original).

As of the date of this Order, Petitioner has not satisfied the OSC in either of the ways stated above, despite filing various other motions. See ECF Nos. 4, 5.

## II. DISCUSSION

District courts have sua sponte authority to dismiss actions for failure to prosecute or to comply with court orders. See Fed. R. Civ. P. 41(b); Link v. Wabash R.R. Co., 370 U.S. 626, 629-30 (1962); Hells Canyon Pres. Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (stating courts may dismiss an action under Federal Rule of Civil Procedure 41(b) sua sponte for a plaintiff's failure to prosecute or comply with the Federal Rules of Civil Procedure or the court's orders); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) (ordering dismissal for failure to comply with court orders).

In deciding whether to dismiss for failure to prosecute or comply with court orders, a district court must consider five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986); see also Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (setting out similar five factors as in Henderson). "Dismissal is appropriate 'where at least four factors support dismissal, or where at least three factors 'strongly' support dismissal.'" Neal v. Reslan, No. CV 19-09291 PA (ASx), 2020 WL 754366, at *1 (C.D. Cal. Jan. 16, 2020) (quoting Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998) (internal citations omitted) (citing Ferdik, 963 F.2d at 1263)). In a case involving sua sponte dismissal, however, the fifth Henderson factor regarding the availability of less drastic sanctions warrants special focus. Hernandez, 138 F.3d at 399.

Here, the first two factors—public interest in expeditious resolution of litigation and the Court's need to manage its docket—weigh in favor of dismissal. Despite being warned that this case **will** be dismissed for failure to respond to the Court's OSC, Petitioner has failed to do so. This failure to prosecute and follow Court orders hinders the Court's ability to move this case toward disposition and suggests Petitioner does not intend to litigate this action diligently. See id.

The third factor—prejudice to Respondent—also weighs in favor of dismissal. A rebuttable presumption of prejudice to a defendant or respondent arises when a plaintiff or petitioner unreasonably delays prosecuting an action. See In re Eisen, 31 F.3d 1447, 1452-53 (9th Cir. 1994) (citations omitted). Here, Petitioner is clearly capable of responding to Court orders, as evidenced by his filing of two motions in this matter, ECF Nos. 4, 5, after the Court issued its OSC. However, Petitioner has failed to comply with the Court's OSC and he has not offered any excuse for his failure to comply with and respond in a timely manner. Thus, this "prejudice" element thus favors dismissal.

The fourth factor—public policy in favor of deciding cases on the merits—ordinarily weighs against dismissal. However, it is Petitioner's responsibility to move litigation towards disposition at a reasonable pace and to avoid dilatory and evasive tactics. See Morris v. Morgan Stanley, 942 F.2d 648, 652 (9th Cir. 1991). Petitioner has not met this responsibility despite having been: (1) instructed on his responsibilities; (2) granted sufficient time in which to discharge them; and (3) warned of the consequences of failure to do so. See, e.g., ECF No. 3, OSC. Under these circumstances, though this policy favors Petitioner, it does not outweigh Petitioner's failure to obey Court orders or to file responsive documents within the time granted. Moreover, because Petitioner's claims in this matter are duplicative of the claims Petitioner asserts in his 4993 Case, the Court will have an opportunity to decide Petitioner's claims on their merits in that case, which is also currently pending before this Court.

The fifth factor—availability of less drastic sanctions—also weighs in favor of dismissal. The Court cannot move the case toward disposition without Petitioner's compliance with Court orders or participation in this litigation. Despite the Court's attempt to obtain a response, Petitioner has shown he is either unwilling or unable to comply with Court orders by failing to file responsive documents, failing to comply with Court orders when he does file documents, and failing to otherwise cooperate in prosecuting this action. The Court is not aware of any lesser sanction that is available in this case. See Henderson, 779 F.2d at 1424 ("The district court need not exhaust every sanction short of dismissal before finally dismissing a case but must explore possible and meaningful alternatives.") (citation omitted); Roman v. Smith, No. 2:18-07909 PA (ADS), 2019 WL 8013120, at *1 (C.D. Cal. Nov. 18, 2019).

Accordingly, the Court finds that dismissal of this action, without prejudice, is appropriate here.

### III. CONCLUSION

For the reasons set forth above, the Court **DISMISSES** this case, without prejudice.

IT IS SO ORDERED.

Dated: December 28, 2020

JOHN A. KRONSTADT
United States District Judge

Presented by:

HONORABLE SHASHI H. KEWALRAMANI
United States Magistrate Judge

6